[Not for Publication - Not to be Cited as Precedent]

# United States Court of Appeals
## For the First Circuit

———————————

No. 00-1502

IN RE 110 BEAVER STREET PARTNERSHIP,

Debtor,

————————

110 BEAVER STREET PARTNERSHIP; JEFF BUSTER; PAUL MCGINTY;
MARTHA JEAN EAKIN,

Appellants,

v.

HAROLD B. MURPHY; GOFFE, INC; UNITED STATES TRUSTEE; WALTHAM,
CITY OF; SIDNEY J. CRONSBERG; BALLET SHOP OF NE; ACTIVE VIDEO,

Appellees.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

———————————

Before

Selya, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stahl, Senior Circuit Judge.

———————————

David J. Fine, with whom Dangel & Fine, LLP, was on brief,

for appellants.

Andrew G. Lizotte, with whom Harold B. Murphy and Hanify &
King, P.C., were on brief, for appellee Murphy.

John J. Monaghan, with whom Paul Killeen, Lynne B. Nowak Xerras, Daniel K. Hampton, and Holland & Knight LLP, were on brief, for appellee Goffe.

A. Hugh Scott, with whom Robert M. Buchanan, Jr., Douglas R. Gooding, and Choate, Hall & Stewart, were on brief, for intervenor Choate, Hall & Stewart.

June 26, 2001

**Per curiam**. In this appeal, the 110 Beaver Street Partnership and the Partnership's partners, individually and in their capacity as partners, take issue with the district court's rejection of their challenges to certain orders issued by the bankruptcy court during the Partnership's attempt to reorganize under Chapter 11 of the Bankruptcy Code.[1] Specifically, insofar as is relevant, appellants contend that the district court erred in reaching the following four conclusions: (1) appellants' appeal of the appointment of a Chapter 11 trustee was untimely, (2) appellants effectively waived their right to appeal the bankruptcy court's allowance of certain professional fee applications by failing to lodge timely objections to the applications in the bankruptcy court, (3) the bankruptcy court did not clearly err in denying the Partnership's motion to employ as its counsel David J. Fine, Esq., and (4) the bankruptcy court acted lawfully in declining on several occasions to hear argument on behalf of the Partnership from Mr. Fine.[2]

---

[1] The attempt at reorganization was unsuccessful and the bankruptcy court eventually converted the case to a Chapter 7 proceeding.

[2] In their brief, appellants also challenged the district court's affirmation of the bankruptcy court's denial of their Bankruptcy Rule 9024 and Fed. R. Civ. P. 60(b)(3) motion for relief from the October 8, 1997 order permitting foreclosure on the Partnership's principal asset. At oral argument, however,

We have given careful consideration to appellants' arguments and are of the opinion that they fail to undermine the reasoning which led to these four conclusions, which is cogently set forth in the district court's February 11, 2000 memorandum of decision. That being the case, we will not reinvent the wheel. We affirm the district court's judgment largely on the basis of the district court's memorandum of decision, e.g., Mullin v. Raytheon Co., 164 F.3d 696, 699 (1st Cir.), cert. denied, 528 U.S. 811 (1999), adding only the following qualifications and elaborations:

1. We reject appellants' suggestion that it is an open question in this circuit whether the appointment of a Chapter 11 trustee is a final and immediately appealable order. Notwithstanding its idiosyncratic facts, we think that In re Plaza de Diego Shopping Center, Inc., 911 F.2d 820 (1st Cir. 1990), clearly establishes, as a general rule, that the appointment of a Chapter 11 trustee is "a final decision of a significant and discrete dispute . . . [which] is appealable," id. at 826. The district court was duty-bound to apply this precedent, as is this newly-constituted panel. E.g. United States v. Owens, 167 F.3d 739, 754 n.7 (1st Cir.), cert. denied,

appellants explicitly dropped their challenges to this ruling.

528 U.S. 894 (1999). Appellants remain free, of course, to petition the en banc court to revisit the matter. See id.

2. Appellants do not contend that they are entitled to ask for appellate review even if they failed to lodge an objection to the fee applications they now seek to challenge. Rather, they make two arguments: (a) the Partnership's December 12, 1997 motion to postpone the adjudication of the pending fee applications, filed by Attorney Fine as "Proposed Counsel for Debtor" on the day objections were due,[3] was a de facto objection to the fee applications, and (b) the bankruptcy court effectively deprived them of the opportunity to object to the fee applications by failing to rule either on the aforesaid motion to postpone or the Partnership's December 8, 1997 motion to employ Attorney Fine as counsel prior to issuing its order allowing the fee applications. Both arguments lack merit.

As appellants appear to recognize, see Appellants' Brief at 45, an efficacious opposition requires the presentation of "evidence and legal authorities which will be of aid to the court in making its decision." In re Malmart Mortg. Co., Inc., 166 B.R. 499, 503 (D. Mass. 1994). The Partnership's motion to

---

[3]The original due date for objections was December 5, 1997, but the bankruptcy court extended the deadline to December 12, 1997 when it allowed the Partnership's untimely December 8, 1997 motion for a one-week extension.

postpone contained no such presentation. Indeed, the motion implicitly acknowledged that it was not an objection when it stated: "It is beyond the scope of this motion to describe the Debtor's view [as to why one of the fee applications should be denied] and the grounds for that view in any detail." Given this statement, appellants' first argument is difficult to comprehend.

Appellants' second argument fares no better. We think it obvious that a party cannot unilaterally push back a case management due date by filing a motion to extend the deadline (which was, in effect, the relief sought by the motion to postpone) on the due date itself. Similarly, if the Partnership saw the retention of counsel as a prerequisite to filing a timely objection to the fee application, it should have so advised the bankruptcy court explicitly. The Partnership's generic motion to employ counsel, filed three days after the expiration of the original deadline and four days before the extended deadline, fell well short of doing so.

3. To the district court's convincing explanation for rejecting appellants' assignment of error with respect to the motion to employ Attorney Fine, we add only that appellants do not contradict the Trustee's assertion, see Trustee's Brief at 22-23, that Attorney Fine represents Paul McGinty, who has

-7-

asserted claims against the Partnership. Attorney Fine obviously cannot simultaneously represent the Partnership and one of its creditors. See Rome v. Braunstein, 19 F.3d 54, 57-58 (1st Cir. 1994).

4. Finally, we have scrutinized the portions of the record cited by appellants in support of their argument that the bankruptcy court improperly prevented Mr. Fine from speaking on behalf of the Partnership but see no factual basis for the argument. And even if there were such a basis, it does not appear that appellants brought the alleged error to the attention of the bankruptcy court. The argument therefore is waived. E.g., In re Rauh, 119 F.3d 46, 51 (1st Cir. 1997).

**Affirmed.** Costs are awarded to appellees.